IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SECURA INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-cv-04054-SLD-JAG |
| | ) |
| RICK R. PLUMB, d/b/a SUPERIOR HOME IMPROVEMENT, and LINDA R. PLUMB, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Because the underlying claim is being litigated in state court, nominal Defendant Linda R. Plumb ("Plumb") asks the Court to exercise its discretion to dismiss or stay this related federal suit, in which Plaintiff Secura Insurance Company ("Secura") seeks declaratory relief. For the following reasons, the Court finds that declining to exercise jurisdiction would be inappropriate. Accordingly, Defendant Plumb's Motion to Dismiss, ECF No. 8, is DENIED.

## BACKGROUND

In a suit filed in the Circuit Court for the Fourteenth Judicial Circuit, Rock Island, Illinois, on June 7, 2010, Plumb alleges that she bought a house built by Defendant Rick R. Plumb d/b/a Superior Home Improvement ("Superior"). Plumb claims that on February 11, 2008, she discovered that the building "had a defective basement" that caused the house to move from its foundation, becoming unhabitable. Compl., ECF No. 1, Ex. 1. As a result, the County of Rock Island declared the premises unsafe for occupancy and ordered repairs to be completed, Plumb alleges. *Id.* Plumb seeks damages from Superior based on violation of the implied warranty of habitability.

1

Superior referred Plumb's claim to its insurance carrier, Secura. Compl. ¶ 8. According to Secura, it initially agreed to defend Superior in the state-court suit, while simultaneously reserving its right to refuse if Superior lacked coverage. *See id.* On June 21, 2013, Secura filed the instant suit in federal court seeking a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57 that Secura has no obligation to Superior with respect to Plumb's lawsuit. Compl. 1–7. The Court's jurisdiction was invoked pursuant to 28 U.S.C. § 1332. Secura argues that is has no obligation to defend or indemnify Superior because (1) the property damage underlying Plumb's lawsuit occurred after the expiration of Superior's insurance policy with Secura, *id.* at ¶ 14, and (2) even if the policy was then in effect, the terms of the agreement exclude coverage of the injury at issue, *id.* at ¶¶ 15-16. On August 1, 2013, Plumb moved for dismissal or stay of Secura's suit in light of the "parallel proceeding in state court which could dispose of all claims presented in this federal case." Def.'s Mot. Dismiss 1, ECF No. 8. That is the motion presently under the Court's consideration.

## DISCUSSION

### I. Legal Standard

The Declaratory Judgment Act ("DJA") provides that district courts "may declare the rights and legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The U.S. Supreme Court has held that district courts have "substantial discretion" in deciding whether to grant declaratory relief and may stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942)). While there are no set criteria used to decline jurisdiction

under the DJA,[1] traditionally it occurs when parallel state proceedings are ongoing and only declaratory relief is sought in federal court. *Id.* (citing *R.R. Street & Co. v. Vulcan Materials Co.*, 569 F.3d 711, 715 (7th Cir. 2009)). Proceedings are "parallel" when "substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Id.* at 986–87 (citing *Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996)). Suits are more likely to be "parallel" where both cases "would be resolved by examining largely the same evidence." *See Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 647 (7th Cir. 2011).

While a "parallel" state court proceeding is typically involved, the Seventh Circuit has held that a strictly "parallel" state action is not needed to trigger the doctrine, *Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010), because the determinative inquiry asks the broader question: "'how real is the prospect' that 'the declaratory action may present factual questions that the state court has also been asked to decide,'" *see id.* (quoting *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995)). A decision to decline jurisdiction under the DJA is motivated by "concerns about comity, the efficient allocation of judicial resources, and fairness to the parties." *Id.* at 692. Courts should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart*, 316 U.S. at 495.

**II. Analysis**

The state proceedings between Plumb and Superior will establish Superior's liability, if any, for Plumb's alleged defective basement and uninhabitable home. The federal proceedings between

---

[1] While the parties and some courts describe this option as "*Wilton/Brillhart* abstention," the Seventh Circuit has indicated that use of the term "abstention"—which "normally refers to a group of judicially-made doctrines"—is inappropriate. Rather, the source of a court's power to dismiss or stay an action under the Declaratory Judgment Act is the discretionary language of the DJA itself. *Medical Assur. Co., Inc.*, 610 F.3d at 378.

3

Secura and Superior will establish Secura's responsibility to defend Superior and indemnify it if it is found liable to Plumb. Consequently, the state and federal suits do not involve substantially the same parties or issues and will apply different legal principles. *See Envision Healthcare, Inc.*, 604 F.3d at 986–87.

Even though Secura is not a party in state court, Plumb argues that the Court should decline jurisdiction under the DJA because the state action "could entirely obviate the need for" declaratory relief if Superior is held not liable for Plumb's claims. Plumb cites *Travelers Prop. Cas. Co. of Am. v. Rogan Shoes*, No. 11 CV 694, 2011 WL 2637257 (N.D. Ill. July 6, 2011), *aff'd as modified*, 689 F.3d 714 (7th Cir. 2012) for the proposition that even when an insurer is not a party during the underlying state court case, the court can decline DJA jurisdiction. In *Rogan Shoes*, the insurer was not a party during the state case but was the target of a supplementary citation to discover assets after the original parties entered into a settlement. 2011 WL 2637257, at *1. The federal court held that its decision to extend jurisdiction was "focused on 'whether there [was] a substantial likelihood that the [state court] litigation [would] dispose of all claims presented in the federal case.'" *Id.* at *2 (quoting *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)).

Because the federal declaratory action and state citation proceeding addressed the "same legal question: whether Travelers must compensate Good based on the insurance policies issued to Rogan," the federal court held that the insurer's duty to defend or indemnify would be fully litigated in state court. *Id.* at *3. Federal adjudication of the insurer's declaratory action, therefore, would be duplicative of the state citation proceeding. *Id.* In this case, Plumb has not established that there is a substantial likelihood that the state proceeding will determine Secura's obligation to defend and

4

indemnify Superior. *See TruServ Corp.*, 419 F.3d at 592. *Rogan Shoes* is factually and legally distinguishable and unpersuasive.

This Court is unlikely to examine the same evidence, s*ee Huon*, 657 F.3d at 647, or be called on to determine the same factual issues, *see Medical Assur. Co., Inc.*, 610 F.3d at 379, as the state court. As a result, resolving Secura's claim in federal court will not duplicate state judicial efforts or interfere with the state court's disposition of Plumb's case. *See Brillhart*, 316 U.S. at 495. Accordingly, the Court in its discretion finds that declining jurisdiction under the DJA and dismissing Secura's suit would be inappropriate.

Plumb alternatively asks the Court to stay this proceeding pending the outcome of the state suit. Def.'s Mot. Dismiss 1. However, a single inquiry determines whether to stay or dismiss and, as explained above, Plumb's argument has not satisfied that analysis. *See Envision Healthcare, Inc.*, 604 F.3d at 986 (noting that DJA authority to decline jurisdiction means court has discretion to "stay or dismiss" an action for declaratory judgment); *see also Medical Assur. Co., Inc.*, 610 F.3d at 381 (holding that refusing stay of federal action by insurer for declaration that it had no duty to defend state-court parties effectuated DJA's purpose to "facilitate efficient outcomes"). Additionally, a stay in these circumstances would have much of the effect of a dismissal, as Secura would have to continue to defend Superior through the conclusion of the state court proceeding or risk breaching its contract. *See Ill. Sch. Dist. Agency v. Pac. Ins. Co.*, 471 F.3d 714, 720 (7th Cir. 2006) ("[A]n insurer that believes it has no duty to defend a tendered claim can avoid liability if it either: 1) defends under a reservation of rights or 2) seeks a declaratory judgment that it has no obligation to defend.") The declaration Secura seeks would immediately negate such a duty. For these reasons, a stay is also inappropriate.

## CONCLUSION

Defendant Linda R. Plumb's Motion to Dismiss, ECF No. 8, is DENIED.

Entered this 26th day of March, 2014.

>                   s/ Sara Darrow
>                    SARA DARROW
>           UNITED STATES DISTRICT JUDGE